IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL HELEVA, | : | CIVIL ACTION NO. 1:20-CV-1983 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| FAITH WALTER, D. HINE, KATHY BRITTEN, DORINA VARNER, | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM

Plaintiff Daniel Heleva ("Heleva"), an inmate confined at the State Correctional Institution, Frackville, Pennsylvania, commenced this action pursuant to 42 U.S.C. § 1983 asserting that defendants interfered with his right to communicate with the courts.  (Doc. 1).  Named as defendants are Mailroom Supervisor Faith Walter, Mailroom Employee D. Hine, Superintendent Kathy Britten, and Chief Grievance Officer Dorina Varner.  Defendants move for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (Doc. 28).  We will grant defendants' motion and enter judgment in their favor.

I.       **Factual Background & Procedural History**[1]

On December 21, 2018, Heleva attempted to mail a notice of default and request to cure to the Monroe County Courthouse.  (Doc. 30 ¶ 1; Doc. 34 ¶ 1).  Heleva requested a tracking number on his cash slip.  (Doc. 30 ¶ 2; Doc. 34 ¶ 2).   The cash slip was returned to Heleva indicating that this type of mail is not assigned a tracking number.  (Id. ¶ 3).  This piece of mail was mailed.  (Id. ¶ 4).

On December 31, 2018, Heleva mailed another piece of legal mail.  (Id. ¶ 5). Defendants maintain that the cash slip was returned with a note from defendant Hine stating that if Heleva wanted a tracking number on the envelope, it must be sent out priority or certified mail.  (Doc. 30 ¶ 6).  Heleva contends that the "entire" package was returned.  (Doc. 34 ¶ 6).  Defendant Hine's note also listed the price for both priority and certified mail.  (Doc. 30 ¶ 7; Doc. 34 ¶ 7).  Heleva then sent this piece of mail through a family member.  (Doc. 30 ¶ 8; Doc. 34 ¶ 8; Doc. 36 at 21). Heleva wrote a request to staff member for an explanation as to why he could not get a free tracking number.  (Doc. 30 ¶ 9; Doc. 34 ¶ 9).  Captain Reese responded that the mailroom supervisor informed him that tracking numbers are no longer

---

[1] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried.  Id.  Unless otherwise noted, the factual background herein derives from the parties' Rule 56.1 statements of material facts.  (See Docs. 30, 34).  To the extent the parties' statements are undisputed or supported by uncontroverted record evidence, the court cites directly to the statements of material facts.

assigned unless the mail is certified mail.  (Id. ¶ 10).  Defendants contend that Heleva did not have any issues with his mail after the December 31, 2018 return.  (Doc. 30 ¶ 11).  Heleva explains that this piece of mail was returned on January 3, 2019, and, after its return, he stopped requesting tracking numbers, stopped sending mail to the Monroe County Courthouse and, instead, sent mail through family members.  (Doc. 34 ¶ 11).

Heleva named defendants Britten and Varner solely based on their roles in the grievance process.  (Doc. 30 ¶ 12; Doc. 34 ¶ 12).  Nonetheless, Heleva asserts that defendants Britten and Varner were aware of the purported unconstitutional and criminal conduct and acquiesced in the conduct.  (Doc. 34 ¶ 12).

## II.   **Legal Standard**

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality.  See FED. R. CIV. P. 56(a).  The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief.  Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(a), (e).  Only if this threshold is met may the cause of action proceed.  Pappas, 331 F. Supp. 2d at 315.

III.  **Discussion**

A.    **18 U.S.C. § 1726**

Heleva sets forth a claim pursuant to 18 U.S.C. § 1726.  (Doc. 1 at 16).  Section

1726 of Title 18 provides as follows:

> Whoever, being a postmaster or other person authorized to receive the
> postage of mail matter, fraudulently demands or receives any rate of
> postage or gratuity or reward other than is provided by law for the
> postage of such mail matter, shall be fined under this title or
> imprisoned not more than six months, or both.

18 U.S.C. § 1726.  Title 18 of the United States Code is a federal criminal statute that

does not create civil liability or a private cause of action.  Generally, federal criminal

statutes do not provide a basis for civil liability.  See Brown v. City of Phila. Office of

Human Res., 735 F. App'x 55, 56 (3d Cir. 2018) (*per curiam*) (nonprecedential)

(holding criminal statutes generally do not give rise to a private cause of action.");

see also Dugar v. Coughlin, 613 F. Supp. 849, 852 n.1 (S.D.N.Y. 1985) (holding

prisoner could not sue under 18 U.S.C. § 1726 nor use that statute as a predicate for

an action under 42 U.S.C. § 1983).[2]  Heleva's reliance on a federal criminal statute—

18 U.S.C. § 1726—is entirely misplaced and defendants' motion will be granted with

respect this claim.

B.    **Defendants Britten and Varner**

Individual liability can be imposed under section 1983 only if the state actor

played an "affirmative part" in the alleged misconduct and "cannot be predicated

---

[2]  The court acknowledges that nonprecedential decisions are not binding
upon federal district courts.  Citations to nonprecedential decisions reflect that the
court has carefully considered and is persuaded by the panel's *ratio decidendi*.

solely on the operation of respondeat superior." Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207-08; see also Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Heleva attempts to hold defendant Britten liable based on her supervisory role. (Doc. 1 at 17; Doc. 34 at 5). He asserts that "Defendant Superintendent Kathy Britten condoned the acts of D. Hine and Faith Walter." (Doc. 1 at 17). It is well-established that officials may not be held liable for unconstitutional conduct of their subordinates under a theory of *respondeat superior*. See Rode, 845 F.2d at 1207. Accordingly, insofar as Heleva's claims against defendant Britten rely on a *respondeat superior* theory of liability, she is entitled to judgment as a matter of law.

Next, Heleva attempts to hold defendants Britten and Varner liable based on their involvement in the grievance procedure. (Doc. 1 at 17-18; Doc. 34 at 5). This claim also fails. At his deposition, defense counsel asked Heleva the following question: "[s]o when you named Kathy Britten and Dorina Varner, is it in

connection with the grievance and that process."  (Doc. 30-1 at 13, Deposition of Daniel Heleva ("Heleva Dep."), Notes of Transcript ("N.T.") 41:8-10).  Heleva responded, "[a]bsolutely."  (Id. at 13, N.T. 41:11).  Courts have routinely held that the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation."  Flanagan v. Shively, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), aff'd, 980 F.2d 722 (3d Cir. 1992).  Dissatisfaction with responses to an inmate's grievances does not support a constitutional claim. See Alexander v. Gennarini, 144 F. App'x 924 (3d Cir. 2005) (nonprecedential) (concluding that involvement in the post-incident grievance process is not a basis for § 1983 liability).  Because the claims against defendants Britten and Varner are premised on their respective roles in the grievance process, they are entitled to an entry of judgment in their favor.

C.    **First Amendment Claim**

Heleva asserts that defendants violated his "First Amendment right to communicate with the courts" by returning a piece of mail due to inadequate postage.  (Doc. 1 at 3; see also Doc. 34 at 4-6).  In Bounds v. Smith, 430 U.S. 817 (1977), the Supreme Court recognized a prisoner's limited right of access to the courts.  Prisoners are not necessarily "capable of filing everything" but have a right of access to "attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."  Lewis v. Casey, 518 U.S. 343, 355 (1996).  "The right of access to the courts must be adequate, effective and meaningful and must be freely exercisable without hindrance or fear of retaliation." Milhouse v. Carlson, 652 F.2d 371, 374 (3d Cir. 1981) (internal citations omitted).

Following <u>Lewis</u>, courts have consistently recognized that such claims require some proof of an actual, concrete injury, in the form of direct prejudice to the plaintiff in the pursuit of some legal claim.  <u>See</u> <u>Oliver v. Fauver</u>, 118 F.3d 175 (3d Cir. 1997).  An inmate must demonstrate "(1) that they suffered an actual injury—that they lost a chance to pursue a non-frivolous or arguable underlying claim; and (2) that they have no other remedy that may be awarded as recompense for the lost claim other than in the present denial of access suit." <u>Monroe v. Beard</u>, 536 F.3d 198, 205 (3d Cir. 2008) (quoting <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002)) (internal quotations omitted).

Heleva complains that mail he sent to the Monroe County Courthouse was returned to him with an explanation that if he wanted a tracking number, it must be sent out priority or certified mail.  Heleva then mailed the document through a family member and "had to take [this] extra step[] to ensure that [the] document was timely."  (Doc. 30-1 at 6, Heleva Dep., N.T. 10:19-22).  During Heleva's deposition, defense counsel posed the following statement to him: "[n]ow, sir, if I'm understanding you correctly, you did not have an issue after this one time."  (<u>Id.</u> at 11, N.T. 32:15-16).  In response, Heleva stated, "[n]o," as he stopped requesting tracking numbers.  (<u>Id.</u> at 11, N.T. 32:17).  Thus, this discrete complaint about the return of one piece of legal mail, which merely delayed Heleva's outgoing mail, does not state a claim of constitutional dimension.  Indeed, the United States Court of Appeals for the Third Circuit has expressly rejected such a claim and held that inmate civil rights are not implicated in isolated instances where "the mailing or

delivery of [prisoner] legal mail was delayed for a few days."  <u>Blanchard v. Fed.</u>
<u>Bureau of Prisons</u>, 428 F. App'x 128, 130 (3d Cir. 2011) (nonprecedential).

More importantly, Heleva has not established that "he lost the opportunity
to pursue a nonfrivolous or arguable underlying legal claim due to the actions of
defendants." <u>Id.</u> at 130 (citing <u>Monroe</u>, 536 F.3d at 205-06).  Heleva admits that after
his mail was returned to him due to inadequate postage, he successfully mailed the
correspondence to the Monroe County Courthouse through a family member.  In
failing to establish actual injury or some legal loss, Heleva fails to demonstrate that
defendants' conduct imposed a substantial impact on him.  <u>See</u> <u>Monroe</u>, 536 F.3d at
205-06 (stating that the complainant in an access to the courts claim "must describe
the underlying arguable claim well enough to show that it is 'more than mere hope',
and it must describe the 'lost remedy.'") (citation omitted).  Consequently,
defendants are entitled to summary judgment on the First Amendment claim.

**IV.**    <u>**Conclusion**</u>

We will grant defendants' motion (Doc. 28) for summary judgment in its

entirety.  An appropriate order shall issue.


/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania


Dated:        April 5, 2022